UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS W. STRUTTON, et al.,           )
                                      )
        Plaintiffs,                   )
                                      )
    vs.                               )        Case No. 4:05CV02022 ERW
                                      )
LINDA MEADE, et al.,                  )
                                      )
        Defendants.                   )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Objections to and Motion to Quash

Subpoena [doc. #165]. At a hearing on February 3, 2009, the Court heard arguments from the

Parties regarding whether Martha Bellew-Smith should undergo a second deposition.[1] Plaintiff

sought another deposition because Plaintiff believed that Martha Bellew-Smith did not reside

within the Court's subpoena power and Plaintiff was concerned that Defendants may release her

from the subpoena. Plaintiff was also concerned that Defendants' subpoena would not protect

Plaintiff's interest in having Martha Bellew-Smith produce relevant emails and other documents in

her possession. Upon learning that Martha Bellew-Smith did reside within the Court's subpoena

power, Plaintiff agreed to forgo the second deposition and instead serve his own subpoena upon

Martha Bellew-Smith.

In the pending motion, Defendants object to the portion of the subpoena seeking

documents. Specifically, Plaintiff asks that Martha Bellew-Smith produce, "[a]ll communications,

including but not limited to e-mail communications, between Dr. Martha Bellew-Smith and any

_____

[1] Martha Bellew-Smith was the former Clinical Director at the MSOTC, and she was a
defendant until she was substituted by the current Clinical Director.

present or former MSOTC employee or staff member between July 1, 2006 and the present relating to the MSOTC treatment program, treatment class cancellations, the Restriction Table, Restriction Area, or rules violations." Defendants ask that the Court quash this portion of Plaintiff's subpoena.

The Court finds no reason to quash this portion of the subpoena. Plaintiff's request is narrowly tailored. The burden imposed is reasonable. Additionally, these documents are highly relevant as they are limited to the claims at issue in this case.

Defendants assert that Plaintiff's request should be limited because it seeks documents from Martha Bellew-Smith's attorneys. This is incorrect. The subpoena does include what appears to be a generic definition section, and the section states that "'YOU' or 'YOUR' refers to Dr. Martha Bellew-Smith, as well as all current or former agents, employees, attorneys, investigators, accountants, consultants, representatives, and any other persons acting for or on her behalf." However, the actual document request does not contain the words 'you' or 'your.' While Defendants' counsel must provide non-privileged documents in their possession that are responsive to Plaintiff's request, the request itself does not seek communications between Martha Bellew-Smith and her attorneys, and does not violate either the attorney client or work product privilege.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Objections to and Motion to Quash Subpoena [doc. #165] is **DENIED.**

Dated this <u>13th</u> Day of <u>March</u>, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE