UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS W. STRUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV02022 ERW |
| ) | |
| LINDA MEADE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Bill of Costs [doc. #253-1, doc. #256]. Defendants Linda Meade, Mary Weiler, Jonathan Rosenboom, Rebecca Semar, Alan Blake, and Missouri Department of Mental Health (collectively, "Defendants") seek $5,712.48 in transcript fees, and have provided documentation supporting the requested amount. Plaintiff Dennis W. Strutton ("Plaintiff") opposes Defendants' Motion, arguing that the requested costs should be reduced or denied because Plaintiff is indigent, because Plaintiff should not be responsible for costs incurred for the litigation of this important matter, and because Defendants are not entitled to reimbursement for depositions compelled to inquire into misconduct.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

On March 31, 2010, this Court denied the declaratory and injunctive relief requested by Plaintiff in his Second Amended Complaint, dismissed Plaintiff's claims with prejudice, and entered judgment in favor of Defendants. Thus, Defendants are the prevailing party in this case, and may be reimbursed for certain costs, including fees for transcripts. However, because Plaintiff opposes Defendants' request for costs, the Court has discretion as to whether costs will be taxed against Plaintiff, and in favor of Defendants. Thus, the Court will consider the arguments Plaintiff makes in support of his position that he should not be required to reimburse Defendants for costs incurred in this litigation. Defendants only seek fees for transcripts, and the relevant standard to consider is whether each of the requested fees is associated with a transcript that was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (noting that the Eighth Circuit "has held that even if a deposition is not introduced at trial, a district court has discretion to award costs if

the deposition was necessarily obtained for use in a case and was not purely investigative" (internal alterations and quotations omitted)).

First, Plaintiff argues that he should not be required to reimburse Plaintiffs for the costs incurred in this litigation because he is indigent. While it is true that the United States District Court for the Eastern District of Missouri has in the past denied costs based on a party's indigent status, *see Seckel v. Hazelwood Bowl, LLC*, 2010 WL 561677 (E.D. Mo. Feb. 10, 2010), the Eighth Circuit has clearly established that "an indigent prisoner is not immune from an assessment of costs." *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003) (citing 28 U.S.C. § 1915(f)(2), which provides for the payment of costs assessed against prisoners); *see also Scher v. Purkett*, 62 F.3d 1421 (8th Cir. 1995) (per curiam) (noting that "a judgment for costs may be made at the end of an IFP case as in any other case"); *Jackson v. Unknown Smith*, 116 F.3d 480 (8th Cir. 1997) (per curiam) ("A prevailing party may recover costs as a matter of course, if not precluded by federal law, whether the unsuccessful party is fee-paying or indigent."). The costs requested by Defendants are not excessive, are clearly supported by the documentation submitted, and are permitted under federal law. The Court concludes that Defendants are entitled to costs in this case, and declines to exercise its discretion to deny costs based on Plaintiff's indigent status.

Next, Plaintiff argues that he should not be responsible for costs incurred in the litigation of this important matter. The Court recognizes that Plaintiff and Defendants spent considerable time and resources on this litigation, and the Court agrees that the issues presented in this case are very important. However, the cost of litigation and the importance of the issues in a case does not alone justify a court's exercise of discretion to deny costs. If this were the case, costs

would rarely be granted since most cases involve important issues, and many require the parties to expend significant resources. However, taxing costs in favor of the prevailing party is generally done as a matter of course. *See* Fed. R. Civ. P. 54(d). Thus, Plaintiff's argument is inconsistent with applicable federal law. Moreover, every lawsuit involves an assumption of some amount of monetary risk on the part of the plaintiff, and the possibility of the taxation of costs if one's claims are not successful is merely another such risk. As such, the Court concludes that on the facts of this case, the characterization of litigation as an "important matter" is not sufficient to justify a denial of costs to Defendants.

Finally, Plaintiff argues that Defendants are not entitled to reimbursement for depositions compelled by the Court to inquire into misconduct. Specifically, Plaintiff asserts that the $366.22 requested for the transcript of the depositions of Gerald Caussade, John Hanauer, Leanna Luekenotte and Alan Blake should be disallowed because the depositions were "ordered by this Court to inquire into potential malfeasance by Defendants in maintaining documents." (Pl.'s Response, doc. #259, p.4). Plaintiff has not cited any case law, nor is this Court aware of any, that suggests that a prevailing party is prohibited from obtaining costs related to alleged misconduct. Moreover, it was Plaintiff who initially requested to take a deposition regarding the scope of document production by Defendants; this Court merely entered an Order making it possible for Plaintiff to engage in such discovery. Thus, the Court concludes that it is proper to require Plaintiff to reimburse Defendants for the cost of the transcript of the depositions of Gerald Caussade, John Hanauer, Leanna Luekenotte and Alan Blake.

The Court has reviewed each of the arguments set forth by Plaintiff in opposition to Defendants' Motion for Bill of Costs, and is not persuaded that it should deny the costs requested

4

by Defendants. The Court notes, however, that some of the transcript fees requested by Defendants include charges for postage or shipping and handling. The Court will not require Plaintiff to reimburse Defendants for these delivery expenses because the Eighth Circuit has established that such expenses are not recoverable. *See Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Thus, the Court will reduce the $5,712.48 requested by Defendants by the following amounts: $9.86 in postage/handling fees associated with the transcript of the deposition of Mary Weiler; $10.97 in postage/handling fees associated with the transcript of the deposition of Alan Blake; $74.27 in shipping and handling fees associated with the transcript of the deposition of Merrill Maine, Ph.D.; $7.50 in postage and handling fees associated with the transcript of the deposition of Mark Murrell; $12.57 in postage/handling fees associated with the transcript of the depositions of Gerald Caussade, John Hanauer, Leanna Lueckenotte, and Alan Blake; $6.00 in postage and handling fees associated with the transcript of the deposition of Dennis Strutton; $8.28 in postage/handling fees associated with the transcript of the deposition of Jay Englehart, M.D.; $10.43 in postage/handling fees associated with the transcript of the depositions of John Canterberry and Dr. Martha Bellew-Smith; $13.55 in postage/handling fees associated with the transcript of the depositions of John Rosenboom and Janine Semar; and $8.75 in postage/handling fees associated with the transcript of the deposition of Dr. Linda Meade.[1] Thus, the $5,712.48 requested by Defendants will be reduced by a total of $162.18. Additionally, Defendants incorrectly listed the total amount charged for the transcript

---

[1] The invoice for the transcript of the deposition of Jeffrey Metzner, M.D., lists total shipping fees of $0.00, so no reductions were made with respect to Dr. Metzner. The invoice for the transcript of the deposition of Steve J. Martin does not include a breakdown of the total charges. Thus, the Court was unable to determine whether the total $795.50 requested by Defendants for Mr. Martin's deposition transcript improperly included any delivery expenses.

of the deposition of Dr. Linda Meade as $152.57.  In reality, the total amount charged was $152.75.  Thus, the Court will add the $0.18 difference to Defendants' total award, for an overall total of $5,550.48.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Bill of Costs [doc. #253-1, doc. #256] is **GRANTED**.  The Clerk of Court shall tax costs in the amount of $5,550.48, against Plaintiff Dennis W. Strutton, and in favor of Defendants.

Dated this 4th Day of November, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE